## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUAN ESTEBAN
MONTANO-GORDILLO,

　　　　　　　　*Petitioner,*

　　　v.

J.L. JAMISON, et al.,

　　　　　　　　*Respondents.*

CIVIL ACTION

NO. 26-3030

## ORDER

**AND NOW**, this 18th day of May, 2026, upon consideration of the Petition for a

Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 6), is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. **Montano-Gordillo is not subject to mandatory detention under 8**

　　**U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to

　　the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]　　Around July 4, 2021, Juan Esteban Montano-Gordillo, a native of Colombia, entered the United States at the border with Mexico. (Pet. ¶¶ 1, 17, Dkt. No. 1.)  Immigration officials detained and then released him.  (*Id.* ¶ 18.)  Five years later, ICE agents detained him during a routine check-in and transferred him to the Philadelphia Federal Detention Center.  (*Id.* ¶¶ 2, 6, 20, 22.)  He is currently detained under 8 U.S.C. § 1225(b)(2) and thus has not received a bond hearing from an immigration judge.  (*Id.* ¶¶ 2–5.)

Montano-Gordillo filed a federal *habeas* petition on May 5, 2026, alleging violations of the Immigration and Nationality Act, the Administrative Procedure Act, and due process.  (*Id.* at 12–16.)  He seeks an order preventing the Government from transferring him outside the Eastern District, declaring his detention unlawful, and releasing him from detention.  (*Id.* at 14.)  The Government claims he is lawfully detained.  (Gov't Resp. in Opp'n at 5–8, Dkt. No. 6.)

The Court disagrees with the Government for the reasons stated in *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) and *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026).  Montano-Gordillo was already in the United States—not "seeking admission" as § 1225(b) requires—when ICE agents detained him two weeks ago.  Because the Government detained him under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a hearing before an immigration judge.  *See Demirel*, 2025 WL 3218243, at *5.  The Court need not address his due process claim.

2. **On or before May 25, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Montano-Gordillo with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3. Should the immigration judge deny bond, Montano-Gordillo may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.